Mr. Edward Hughes Rt. 2, Box 42A Prescott, Arkansas 71857
Dear Mr. Hughes:
This letter is being issued in response to your request for certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) AN AMENDMENT TO CREATE A CASINO COMMISSION TO ESTABLISH CASINO GAMBLING, TO AUTHORIZE CASINO GAMBLING BY LICENSEES APPROVED BY THE COMMISSION AT FOUR DESIGNATED LOCATION [SIC] (AS SPECIFIED IN THE AMENDMENT), AT FOUR UNDESIGNATED LOCATION [SIC] IF APPROVED BY THE VOTERS AT A COUNTY LOCAL OPTION ELECTION.
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION CREATING THE ARKANSAS CASINO COMMISSION TO CONSIST OF FOUR (4) MEMBERS (ONE FROM EACH SPECIFIED LOCATION) APPOINTED BY THE GOVERNOR; PROVIDING FOR A DIRECTOR TO BE APPOINTED BY THE GOVERNOR; AUTHORIZING REMOVAL OF COMMISSION MEMBERS OR DIRECTOR BY THE GOVERNOR FOR CAUSE; EMPOWERING THE COMMISSION TO LICENSE AND REGULATE GAMBLING CASINOS, INCLUDING THE POWER TO ADOPT RULES, SET AND ASSESS FINES FOR VIOLATION OF ITS RULES, INVESTIGATE CASINO LICENSE APPLICANTS, ISSUE SUBPOENAS, AND COMPEL COMPLIANCE WITH ITS RULES; ESTABLISH INITIAL CASINO APPLICATION AND LICENSE FEES; AUTHORIZING CASINO GAMBLING BY LICENSEES APPROVED BY THE COMMISSION; DESIGNATING FOUR SPECIFIC LOCATIONS; ONE IN HOT SPRINGS (GARLAND COUNTY); ONE IN LITTLE ROCK (PULASKI COUNTY); ONE IN WEST MEMPHIS (CRITTENDEN COUNTY) FOR CASINO LICENSING: PROVIDING THAT FOUR (4) ADDITIONAL LICENSES MAY BE ISSUED IF APPROVED BY THE VOTERS IN A LOCAL OPTION ELECTION IN THEIR COUNTIES. PROVIDING THAT NO MORE THAN EIGHT (8) LICENSED CASINOS MAY BE SIMULTANEOUSLY OPERATED: PROVIDING FOR LOCAL OPTION CASINO ELECTIONS UPON PETITION BY TWENTY PERCENT (20%) AS DETERMINED BY THE COUNTY CLERK WITHIN TEN (10) DAYS OF SUBMISSION OF THE QUALIFIED VOTERS IN A COUNTY: EXEMPTING APPROVED SITES FROM LAND USE PROHIBITIONS; EXEMPTING CASINOS FROM RESTRICTIONS AS TO WHEN ALCOHOL MAY BE SOLD; LEVYING A TEN (10%) TAX ON CASINO GROSS GAMBLING REVENUES: AS DEFINED IN THE AMENDMENT, AND PROHIBITING ADDITIONAL TAXES ON SUCH GROSS REVENUES; REQUIRING CASINOS TO PAY STATE INCOME TAXES AT THE SAME RATE IMPOSED UPON PARI-MUTUEL WAGERING ESTABLISHMENTS; AUTHORIZING IMPORTATION OF GAMBLING DEVICES BY CASINO LICENSEES: PROHIBITING PERSONS UNDER TWENTY ONE FROM GAMBLING AT A CASINO; REQUIRING THE GENERAL ASSEMBLY TO ENACT THE NECESSARY LEGISLATION TO IMPLEMENT THE PROVISIONS OF THIS AMENDMENT; REPEALING ALL EXISTING CONSTITUTIONAL PROVISIONS, LAWS, AND PARTS OF LAWS IN CONFLICT WITH THIS AMENDMENT, EXCEPT AS OTHERWISE STATED IN THE AMENDMENT, TO THE EXTENT OF SUCH CONFLICT: PROHIBITING MODIFICATION OR REPEAL OF THIS AMENDMENT EXCEPT BY MAJORITY VOTE AT A GENERAL ELECTION HELD FOR THAT PURPOSE: MAKING THE AMENDMENT EFFECTIVE UPON PASSAGE AND RENDERING ITS PROVISION SEVERABLE: PROVIDING THAT THE PROVISIONS OF THE AMENDMENT ARE SELF-EXECUTING: AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992) The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposals under the above precepts, I hereby substitute the following popular name and ballot title for the ones that you submitted, in order to apprise the voters more accurately of the substance of the proposal:
 (Popular Name) AN AMENDMENT TO CREATE A CASINO COMMISSION, TO ESTABLISH CASINO GAMBLING, TO AUTHORIZE THE OPERATION OF CASINO GAMBLING ESTABLISHMENTS BY LICENSEES APPROVED BY THE COMMISSION AT FOUR LOCATIONS IN DESIGNATED COUNTIES AND AT FOUR UNDESIGNATED LOCATIONS, ALL IF APPROVED BY THE VOTERS AT A COUNTY LOCAL OPTION ELECTION.
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION CREATING THE ARKANSAS CASINO COMMISSION TO CONSIST OF FIVE (5) MEMBERS APPOINTED BY THE GOVERNOR; PROVIDING THAT THE GOVERNOR SHALL APPOINT A DIRECTOR; AUTHORIZING REMOVAL OF COMMISSION MEMBERS OR DIRECTOR BY THE GOVERNOR FOR CAUSE; EMPOWERING THE COMMISSION TO LICENSE AND REGULATE GAMBLING CASINOS, INCLUDING THE POWER TO ADOPT RULES, TO SET AND ASSESS APPLICATION AND LICENSING FEES AND FINES FOR VIOLATION OF ITS RULES, TO INVESTIGATE CASINO LICENSE APPLICANTS, TO ISSUE SUBPOENAS, TO RESTRAIN VIOLATIONS OF ITS RULES, AND TO ENSURE OPEN REPORTING OF THE COMMISSION'S FINANCIAL TRANSACTIONS; ESTABLISHING INITIAL CASINO APPLICATION AND LICENSE FEES; AUTHORIZING THE OPERATION OF CASINO GAMBLING ESTABLISHMENTS BY LICENSEES APPROVED BY THE COMMISSION; DESIGNATING HOT SPRINGS (GARLAND COUNTY), LITTLE ROCK (PULASKI COUNTY), NORTH LITTLE ROCK (PULASKI COUNTY), AND WEST MEMPHIS (CRITTENDEN COUNTY) FOR THE LOCATION OF GAMBLING CASINOS IF APPROVED BY THE VOTERS AT A COUNTY LOCAL OPTION ELECTION; PROVIDING FOR THE APPROVAL OF FOUR ADDITIONAL LOCATIONS FOR GAMBLING CASINOS IF APPROVED BY THE VOTERS IN A COUNTY LOCAL OPTION ELECTION; PROVIDING THAT THE SPECIFIC SITES FOR THE LOCATION OF CASINOS IN THE APPROVED COUNTIES ARE TO BE DESIGNATED BY "CASINO GAMING IN ARKANSAS, INC.", SUBJECT TO THE APPROVAL OF THE COMMISSION; PROVIDING THAT NO MORE THAN EIGHT (8) LICENSED CASINOS MAY BE OPERATED SIMULTANEOUSLY; PROVIDING FOR APPEALS OF COMMISSION LICENSING DECISIONS TO THE CHANCERY COURT; PROVIDING FOR LOCAL OPTION CASINO ELECTIONS UPON PETITION BY TWENTY PERCENT (20%) OF THE QUALIFIED ELECTORS AS DETERMINED BY THE COUNTY CLERK WITHIN TEN (10) DAYS OF SUBMISSION OF THE PETITION; EXEMPTING CASINOS FROM RESTRICTIONS AS TO WHEN ALCOHOL MAY BE SOLD; LEVYING AN EIGHT PERCENT (8%) STATE TAX ON CASINO GROSS GAMBLING REVENUES AS DEFINED IN THE AMENDMENT; LEVYING A TWO PERCENT (2%) TAX ON CASINO GROSS GAMBLING REVENUES TO BE PAID TO THE CITIES IN WHICH GAMBLING CASINOS ARE LOCATED; PROHIBITING ADDITIONAL TAXES ON SUCH GROSS REVENUES; PROVIDING THAT CASINO NON-GAMBLING REVENUES SHALL BE SUBJECT TO SUCH STATE AND LOCAL TAXES AS ARE APPLICABLE TO OTHER SIMILAR BUSINESSES IN THE SAME LOCALE; REQUIRING CASINOS TO PAY STATE INCOME TAXES AT THE SAME RATE IMPOSED UPON PARI-MUTUEL WAGERING ESTABLISHMENTS; AUTHORIZING IMPORTATION OF GAMBLING DEVICES BY CASINO LICENSEES; PROHIBITING PERSONS UNDER AGE TWENTY-ONE FROM GAMBLING AT CASINOS; REQUIRING THE GENERAL ASSEMBLY TO ENACT LEGISLATION NECESSARY TO IMPLEMENT THE PROVISIONS OF THIS AMENDMENT; PROVIDING THAT THE AMENDMENT IS NOT TO AFFECT PARI-MUTUEL WAGERING ACTIVITIES IN GARLAND AND CRITTENDEN COUNTIES AS HAVE BEEN PREVIOUSLY AUTHORIZED BY CONSTITUTIONAL AMENDMENT OR BY THE GENERAL ASSEMBLY; REPEALING ALL EXISTING CONSTITUTIONAL PROVISIONS, LAWS, AND PARTS OF LAWS IN CONFLICT WITH THIS AMENDMENT, EXCEPT AS OTHERWISE STATED IN THE AMENDMENT, TO THE EXTENT OF SUCH CONFLICT; PROHIBITING ALL WAGERING ACTIVITIES OTHER THAN THOSE AUTHORIZED BY THIS AMENDMENT OR ARKANSAS LAW; PROHIBITING MODIFICATION OR REPEAL OF THIS AMENDMENT EXCEPT BY MAJORITY VOTE AT A GENERAL ELECTION HELD FOR THAT PURPOSE; MAKING THE AMENDMENT EFFECTIVE UPON PASSAGE AND RENDERING ITS PROVISIONS SEVERABLE; PROVIDING THAT THE PROVISIONS OF THE AMENDMENT ARE SELF-EXECUTING; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh